IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CR407 |
| | ) | |
| v. | ) | |
| | ) | |
| KEVIN H. ALFORD, | ) | PRELIMINARY ORDER |
| | ) | OF FORFEITURE |
| Defendant. | ) | |
| | ) | |

This matter is before the Court upon the United States' Motion for Issuance of Preliminary Order of Forfeiture and <u>Memorandum</u> Brief (Filing No. 38). The Court has reviewed the record in this case and finds as follows:

1. Defendant has entered into a Plea Agreement, whereby he has agreed to plead guilty to Counts I, II, III and IV of said Information. Count I charges the defendant with one count of maintaining a place for the purpose of distributing and using cocaine base, in violation of 21 U.S.C. §§ 856(a)(1) and 856(a)(2). Count II charges the defendant with one count of being an unlawful user of a controlled substance in possession of firearms, in violation of 18 U.S.C. § 922(g)(3). Count III of said Information sought the forfeiture, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), of a Raven Arms .25 caliber pistol, serial number 1672177, a Sontheim-Brenz .22 caliber revolver, serial number 142573, and a Miroko .38 caliber revolver, serial number 9687, on the basis they were firearms involved or used in the knowing commission of the offense charged in Count II. Count IV of said Information sought the forfeiture, pursuant to 21 U.S.C. § 853, of $3,831.55 in United States currency on the basis it was used or was intended to be used to facilitate said controlled substance violation and/or was derived from proceeds

obtained directly or indirectly as a result of the commission of said controlled substance violation.

  2.  By virtue of said plea of guilty, the defendant forfeits his interest in the subject properties, and the United States should be entitled to possession of said properties, pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c) and 21 U.S.C. § 853.

  3.  The United States' Motion for Issuance of Preliminary Order of Forfeiture should be sustained.

  IT IS ORDERED:

  A.  The United States' Motion for Issuance of Preliminary Order of Forfeiture is hereby sustained.

  B.  Based upon Counts III and IV of the Information and the defendant's plea of guilty, the United States Marshal for the District of Nebraska ("Marshal") is hereby authorized to seize the following-described properties:    a Raven Arms .25 caliber pistol, serial number 1672177, a Sontheim-Brenz .22 caliber revolver, serial number 142573, a Miroko .38 caliber revolver, serial number 9687, and $3,831.55 in United States currency.

  C.  Defendant's interest in said properties is hereby forfeited to the United States of America for disposition in accordance with the law, subject to the provisions of 21 U.S.C., § 853(n)(1).

  D.  The aforementioned forfeited properties are to be held by the Marshal in his secure custody and control.

  E.  Pursuant to 21 U.S.C., § 853(n)(1), the Marshal forthwith shall publish at least once for three successive weeks in a newspaper of general circulation, in the county where the

subject properties are situated, notice of this Order, notice of the Marshal's intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in any of the subject forfeited properties must file a Petition with the court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

  F.  Said published notice shall state the Petition referred to in Paragraph E., above, shall be for a hearing to adjudicate the validity of the Petitioner's alleged interest in the properties, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title or interest in the subject properties and any additional facts supporting the Petitioner's claim and the relief sought.

  G.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties subject to this Order as a substitute for published notice as to those persons so notified.

  H.  Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C., § 853(n), in which all interests will be addressed.

  DATED this 23rd day of July, 2007.

        BY THE COURT:

        /s/ Lyle E. Strom
        _____
        LYLE E. STROM, Senior Judge
        United States District Court